# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

WILLIAM MARSHALL HAZEL, )
                                                   )
    Petitioner,                      )
                                                   )
v.                                )   Case No. CV409-168
                                                   )
SHERIFF JIMMY McDUFFIE and )
SHERIFF MIKE KILE, )
                                                   )
    Respondents.              )

## **REPORT AND RECOMMENDATION**

William Hazel's 28 U.S.C. § 2254 petition challenges a June 24, 2009 probation revocation. (Doc. 1 at 3.) He seeks to proceed in forma pauperis and has demonstrated that he is unable to pay the filing fee (doc. 2), so leave to proceed in forma pauperis is **GRANTED**. Nevertheless, as it plainly appears from the face of his petition that petitioner has failed to exhaust available state remedies, the petition should be summarily **DISMISSED**.

Under 28 U.S.C. § 2254(b)(1)(A), "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999) ("Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court."). An applicant for federal habeas relief has not exhausted his state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, petitioner has not yet appealed his revocation or petitioned the state for a writ of habeas corpus.[1] (Doc. 1 at 2.) By his own admission, petitioner has deprived the state courts of a fair opportunity to address his claims before bringing his petition to this Court. Since it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254

---

[1] Petitioner did not appeal the revocation. (Doc. 1 at 3.) Since more than thirty days have elapsed since the entry of judgment he likely no longer has the right to appeal, so an appeal may not be an available avenue of relief. O.C.G.A. § 5-6-38 (allowing thirty days after the entry of judgment for an appeal).

2

Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.

**SO REPORTED AND RECOMMENDED** this  6th  day of November, 2009.

 s/ G.R. SMITH 
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**